## SUPREME COURT.

JAMES T. DUIGAN agt. KATE A. McCORMACK and others.

*Gifts inter vivos, when not disturbed — Creditors.*

Where a woman, the owner of fifty-six shares of stock in the Home Insurance Company, during an illness, of which she afterwards died, in a letter written in Ireland to her sister in New York made a disposition of the shares to certain persons named in the letter, and also made provision for the payment of a sum of money she owed, and afterwards executed to her sister a power of attorney authorizing her to take all needful measures to effect a transfer of the stock, and the power having been executed by the surrender of the scrips to the company, and the issue of her shares to the donees mentioned in the letter, in part at least during the lifetime of the donor, it not appearing that she owed any debts other than the one named:

*Held*, that the gifts and dispositions made would not be disturbed by this court, in an action brought by a brother of the donor who sought to set them aside as invalid.

*Special Term, New York, February*, 1876.

*A. B. Tappen and J. S. Mackay*, for plaintiff.

*Roe & Macklin*, for defendant Kate A. McCormack.

*Edward Patterson*, for Home Insurance Co.

VAN VORST, *J.*— No sufficient reason, in law or equity, has been assigned for breaking up or disturbing the gifts and disposition made by Maria L. Leahy, in her lifetime, of her fifty-six shares of stock in the Home Insurance Company, as clearly expressed and made in her letter to her sister, the defendant Kate A. McCormack, dated the 10th day of October, 1873,

written in Ireland, during an illness, of which she died in June following. The donees of her property, and the shares assigned to each, are declared in this letter.

Provision was also made for the payment of her indebtedness to Patrick Ryan. There is no evidence of any indebtedness to any other person; and even though there might be creditors other than the one mentioned, the disposition made by Mrs. Leahy of her shares of stock could not be impeached for that reason, in this action, under the allegations of the complaint. There is no foundation laid for relief on any such ground in the pleadings.

But the language of her letter would seem to repel any presumption that there were in fact creditors to be wronged by her disposal of the shares in question.

The writing was evidently made by a person during illness, threatening to prove mortal, conscientiously desirous of wronging no one, but anxious in her lifetime to give away her small property to those who had claims upon her, as she felt, not forgetting the payment to Patrick Ryan in full £300, which she had borrowed from him.

I regard the power of attorney of the 27th November, 1873, as an instrument designed and necessary to carry out her intentions as expressed in her letter of October previous, and which could not be effectuated under the power then in New York, to Thomas Dougherty. He could collect dividends only. Her sister, Kate A. McCormack, was by the power of November, fully authorized to take all needful measures to effect a transfer of the stock, indispensable to perfecting the gifts made, and the disposal of the shares, under the letter of the 10th October.

The power was sufficient to authorize the company to cancel the old certificate, and issue new ones, as she might appoint. She was authorized "to ask, demand, sue for, recover and receive from the Home Insurance Company, the amount of the fifty-six shares of stock" standing in the name of the donor on the books of the company.

Duigan agt. McCormack.

And there was given to Mrs. McCormack, the attorney, "full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully, to all intents and purposes, as Mrs. Leahy could have done, if personally present."

And the power was fully executed, and the duties devolved by the letter of the tenth October discharged, as far as they could be, during the lifetime of Mrs. Leahy. The shares of stock standing in her name were, before her death, delivered up and canceled, and new scrip was actually issued to the donees, or some of them, before that event happened. The gifts made were to that extent perfected by delivery, before the death of Mrs. Leahy. That was sufficient to uphold the gifts. And the defendant, Mrs. McCormack, is in good faith, as far as the evidence shows, proceeding to pay out of the other shares, and the income thereof, as directed, the debt due to Patrick Ryan, and has already discharged 200 of the £300 directed to be paid him as provided for.

As already indicated, there is no equity in the plaintiff's claim, and his complaint should be dismissed, and as by the investigation which appears to have been had in the surrogate's court the plaintiff was apprised of all these matters, he should be charged with the costs of this action.